UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNIE KELLY CURRIE, <br> Plaintiff. <br> v. <br> CATHOLIC CHARITIES, et al., <br> Defendants. | Case No. 3:23-cv-05735-JSC <br><br> **ORDER DISMISSING AMENDED COMPLAINT UNDER 28 U.S.C. § 1915 FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Re: Dkt. No. 10 |

Minnie Kelly Currie, representing herself, filed this action alleging Catholic Charities and other individual defendants violated California Welfare and Institutions Code § 14124.10, which prohibits discrimination against Medi-Cal patients, California Penal Code § 6029, which provides for regulations for places of detention, and 18 U.S.C. § 242, which is the criminal statute for a violation of civil rights. (Dkt. No. 10.)[1] The Court granted Ms. Marker's application to proceed in forma pauperis, (Dkt. No. 5), but dismissed her claim pursuant to 28 U.S.C. § 1915. (Dkt. No. 5.) Currie filed an amended complaint, which the Court now screens again pursuant to 28 U.S.C. § 1915. The Court DISMISSES that complaint for lack of subject matter jurisdiction.

## BACKGROUND

Currie alleges her "civil rights" have been taken from her. (Dkt. No. 10 at 3.) It is difficult to understand Currie's allegations, but it appears she is alleging a "fire" occurred, and she has somehow developed "mental health substance abuse HIV/AIDS, sexually transmitted diseases" and "developmental disabilities." (*Id.*) In a letter Currie sent to the Court, she further alleges a "device" was "implanted in [her] right palm" and requests to know "who has [her] power of

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  attorney." (*Id.*)

## DISCUSSION

Under 28 U.S.C. § 1915, the Court has a continuing duty to screen any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

When the complaint has been filed by a plaintiff without the aid of counsel, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Upon dismissal, unrepresented plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### I. SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331," which is known as "federal-question jurisdiction," and "cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)," which is known as diversity jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Since Currie, filed this lawsuit in federal court, she "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

In her amended complaint, Currie alleges both federal question jurisdiction and diversity jurisdiction are present in this case.  However, Currie has not met her burden of establishing either jurisdictional basis.

First, Currie has not established federal question jurisdiction because all her claims are either state law claims or are otherwise not colorable claims and therefore insufficient to confer

subject matter jurisdiction. Currie makes two state law claims— alleging Defendants violated (1) California Welfare and Institutions Code § 14124.10, which prohibits discrimination against Medi-Cal patients; and (2) California Penal Code § 6029, which provides for regulations for places of detention. Neither of these claims concerns a federal statute or the federal constitution, so they cannot provide the basis for federal subject matter jurisdiction.

Currie does allege one claim under federal law, 18 U.S.C. § 242, however, this claim is insufficient to confer federal question subject matter jurisdiction. "A plaintiff properly invokes" federal question jurisdiction "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). So, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–683 (1946)). Section 242 is a federal criminal statute that prohibits deprivation of rights under color of law. This criminal provision "provide[s] no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). So, Plaintiff's claim under 18 U.S.C. § 242 fails as a matter of law and is not a "colorable claim" that can provide the basis for her federal question jurisdiction.

Second, Currie has not established diversity jurisdiction, because she does not allege the citizenship of any of the Defendants. Diversity jurisdiction requires "complete diversity of citizenship," meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In her amended complaint, Currie indicates her address is in San Francisco, California. (Dkt. No. 10 at 1.) So, her citizenship for diversity purposes is California. However, Currie also indicates all three Defendants have an address in San Francisco, California. (*Id.* at 2.) Currie provides no other information suggesting these Defendants are citizens of any state besides California. So, Currie has failed to establish complete diversity.

Because Currie has failed to establish subject matter jurisdiction, her claims are DISMISSED without prejudice.

## II. MERITS OF PLAINTIFF'S CLAIM

Even if Currie had established subject matter jurisdiction, her claims must still be dismissed as legally insufficient. Section 1915(e)(2), which addresses dismissals for failure to state a claim, parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Moreover, "bare assertions" are "not entitled to an assumption of truth" because "they do nothing more than state a legal conclusion." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). So, to state a claim, Plaintiff's complaint "require[s] well-pleaded facts, not legal conclusions . . . that plausibly give rise to an entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations and quotations omitted).

Plaintiff's complaint is confusing, and it is difficult to determine what, if any, wrongdoing she attributes to any of the specific Defendants. Moreover, Plaintiff has failed to connect any of her factual allegations to legal claims. For these reasons, her complaint is DISMISSED.

## CONCLUSION

Because Currie has failed to establish subject matter jurisdiction, this action is DISMISSED WITHOUT PREJUDICE to Currie pursuing her state law claims in state court. The Court declines to grant leave to amend. The Magistrate Judge initially advised Currie she could not bring a claim under 18 U.S.C. § 242 as a matter of law, but in her amended complaint she again alleged the insubstantial claim. So, it is apparent from her submissions leave to amend to establish federal jurisdiction would be futile.

**IT IS SO ORDERED.**

Dated: January 5, 2024

JACQUELINE SCOTT CORLEY
United States District Judge